UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| DAVID RUSSELL POSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: 1:15-CV-353-HSM-SKL |
| v. | ) |
| | ) |
| CHATTANOOGA POLICE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

Before the Court is a pro se prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that Plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff is allowed to proceed in this action without the prepayment of costs or fees or security therefor, and his motion for leave to proceed *in forma pauperis* is **GRANTED**. For the reasons set forth below, however, no process shall issue and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial

review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

In his complaint, Plaintiff requests that the Court compel Defendant Chattanooga Police Department ("CPD") to respond to a "grievance" Plaintiff sent to Defendant CPD on September 24, 2014, regarding Defendant CPD's alleged negligence in not providing Plaintiff witness protection, safety education, security, and alternative identification to Plaintiff in order to prevent Plaintiff and his family from various harms from 1993 through the date of the "grievance" [Doc. 1 p. 1–4, 11–13]. Plaintiff further states that he has been denied access to the courts for redress of this grievance because the Hamilton County Circuit Court has not filed documents he has sent to that court seeking to file a claim arising out of this grievance [*Id.* at 1-3].

The only Defendant in this case is Defendant CPD. Defendant CPD, however, is not an entity subject to suit under § 1983. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 688–90 and n.55 (1978) (for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"); *see*, *e.g.*, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983). Accordingly, even liberally

construing the complaint, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), any allegations against Defendant CPD fail to state a claim upon which relief may be granted, and Defendant CPD is therefore **DISMISSED** from this action.

Accordingly, this action will be **DISMISSED** under §§ 1915(e)(2)(B) and 1915(A)for failure to state a claim upon which relief may be granted. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because Plaintiff is an inmate in the Blackwater River Corrections Facility, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Blackwater River Correctional Facility, the Secretary of the Florida Department of

Corrections, and the Attorney General for the State of Florida, to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

**An appropriate order will enter.**

**E N T E R :**

              */s/ Harry S. Mattice, Jr.*
              HARRY S. MATTICE, JR.
              UNITED STATES DISTRICT JUDGE